[No. 18870. *En Banc.* June 18, 1925.]

NINA G. DYER, *as Administratrix of the Estate of C. C. Dyer, Deceased, Respondent,* v. MISSOURI STATE LIFE INSURANCE COMPANY, *Appellant.*[2]

Appeal from a judgment of the superior court for Pierce county, Chapman, J., entered April 14, 1924, upon the verdict of a jury rendered in favor of the plaintiff, in an action to recover the amount of a life insurance policy applied for. Affirmed.

*Bates & Peterson,* for appellant.
*Ellis, Fletcher & Evans,* for respondent.

## ON REHEARING.

PER CURIAM.—Upon a rehearing *En Banc,* a majority of the court adhere to the result reached by the opinion heretofore filed herein, and reported in 132 Wash. 378, 232 Pac. 346. The judgment is therefore affirmed.

[1]Reported in 236 Pac. 568.
[2]Reported in 236 Pac. 807.

HOLCOMB, J. (dissenting)—Although a majority of the court on rehearing *En Banc* adhere to the result of the former decision, I feel compelled to state my views because of which I cannot give my assent to the decision.

In the first place, it seems plain to me that, if any action whatever survives for damages for the negligence complained of, it manifestly could and did survive only to Dyer & Thompson, a corporation, and in whose favor the insurance policy was to be obtained. While the estate of Dyer might have a sort of general property in any insurance policy applied for in behalf of the estate, or the surviving spouse, or an heir at law, in this case Dyer had applied for, and the insurance company had agreed to issue, if the agreement was effective against the insurance company, insurance in favor of Dyer & Thompson, a corporation. Any action for negligence in failing to issue the policy before the death of Dyer certainly would be in favor of Dyer & Thompson, and therefore any action for negligence would survive in its favor only. While I have some doubt as to whether there was a *prima facie* case made as to the negligence of the company by undue delay in acting upon Dyer's application, even as compared with its prompt action upon the application submitted at the same time by Thompson, and that question was probably one to be submitted to the jury, nevertheless I think one of the instructions given was erroneous upon the issues involved.

The court instructed the jury that,

"No oral or written misrepresentation of warranty made in the negotiation for a contract or policy of insurance by the insured on his behalf shall be deemed material to defeat or avoid the policy or prevent its attaching unless such misrepresentation of warranty is made with intent to deceive."

Such an instruction would, of course, be proper in an action upon a contract of insurance, or to enforce the issuance of such a policy, but this is not an action upon a contract of insurance nor to enforce its execution. This is an action in tort for neglecting to perform an alleged duty owed by the insurer to the insured. The instruction should have been confined to such issues.

There are other matters contained in the opinion which I fear conflict with several of our decisions upon construction of insurance contracts.

I am satisfied, however, that no action should lie in favor of respondent, and that by instructing the jury as if the action were an action upon an insurance contract, or to enforce the terms of a contract of insurance mutually agreed upon, the decision is wrong.

If my first proposition is not good (although I firmly believe it to be), in any event, upon the second proposition, the judgment should be reversed and the cause remanded for a new trial.